# IN THE SUPREME COURT OF TEXAS

═══════════
No. 19-0819
═══════════

IN THE INTEREST OF E.K. AND C.K., MINOR CHILDREN

═══════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TENTH DISTRICT OF TEXAS
═══════════════════════════════

JUSTICE GREEN, joined by JUSTICE BOYD, concurring in the denial of the petition for review.

In *In re N.G.*, 577 S.W.3d 230 (Tex. 2019) (per curiam), we held that due process requires a court of appeals to address challenged findings under section 161.001(b)(1)(D) or (E) of the Texas Family Code because of the collateral consequences as to other children under section 161.001(b)(1)(M), even if other findings support termination of parental rights. *Id.* at 235–36. In this case, the court of appeals included a note in its opinion referencing a concurrence expressing that the court "should not impose the *N.G.* holding to Anders based termination appeals until the Supreme Court of Texas makes it clear that *N.G.* applies to this type of appeal." ___ S.W. 3d___, ___ (Tex. App.—Waco 2019) (mem. op); *see Anders v. California*, 386 U.S. 738 (1967). Chief Justice Gray recognized in his concurring note that the appellate court did "not 'show [its] work' on ground D or E as recently discussed in" *In re N.G.*, but that "[i]t is not clear from *N.G.* that we have to or that we should." ___ S.W.3d at ___. Because "[t]he burdens of *N.G.* will be substantial and thus costly to the State and Counties," Chief Justice Gray agreed that the court of appeals should not

apply our *In re N.G.* holding to *Anders* appeals unless this Court instructs otherwise. *Id.* at ___. By denying the petition for review, this Court has declined the court of appeals' invitation to address how *In re N.G.* applies to parental termination appeals in which the appellant's counsel has filed an *Anders* brief. While Chief Justice Gray's concurring note highlights an important question that the Court should answer, the facts of this case prevent us from doing so here. I concur in the denial of the petition but write to explain why, in my view, the question is not squarely before us in this case.

Texas Family Code section 161.001(b) allows for involuntary termination of parental rights if clear and convincing evidence supports that a parent engaged in one or more of the twenty-one enumerated grounds for termination and that termination is in the best interest of the child. TEX. FAM. CODE § 161.001(b). Generally, a court of appeals will affirm termination by detailing the evidence in support of only one termination ground and the best interest finding, even if the trial court terminated parental rights on more than one ground. *See N.G.*, 577 S.W.3d at 232; *see also* TEX. FAM. CODE § 161.001(b); TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."). Section 161.001(b)(1)(M) provides that a court may terminate parental rights if the parent previously "had his or her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E) or substantially equivalent provisions of the law of another state." TEX. FAM. CODE § 161.001(b)(1)(M). Because a finding under section 161.001(b)(1)(D) or (E) has consequences as to other children under section 161.001(b)(1)(M), termination on those grounds "implicates significant due process concerns for a parent's care, custody, and control of [his or] her children."

2

*In re C.W.*, 586 S.W.3d 405, 406 (Tex. 2019) (per curiam) (citing *N.G.*, 577 S.W.3d at 234). Accordingly, when an appellant challenges a trial court's termination findings under (D) or (E), the appellate court is required to review and detail its analysis of the evidence supporting that termination ground. *See N.G.*, 577 S.W.3d at 237. But, as the court of appeals recognized, this Court has not yet addressed whether an *Anders* brief or a pro se response to an *Anders* brief can trigger that requirement.

In this case, the father's counsel filed an *Anders* brief in the court of appeals, asserting that there were no issues of arguable merit on appeal, and that the evidence supported at least one predicate ground to terminate the father's parental rights. *See Anders*, 386 U.S. 738. In response, the father filed a pro se letter challenging the *Anders* brief. The court of appeals affirmed the trial court's termination of the father's parental rights, holding that "after [its] review of the entire record and counsel's brief . . . there are no plausible grounds for appeal." ___ S.W.3d at ___. Although the *Anders* brief specifically addressed the (E) ground, the court of appeals declined to provide a detailed analysis of the trial court's (D) or (E) findings. *Id.* at ___. In this Court, the father challenges the court of appeals' failure to analyze the (D) and (E) findings, asserting that a court of appeals should, at least, certify that it independently reviewed and affirmed the (D) and (E) findings, even when that issue is presented in an *Anders* brief and especially when a pro se response presents the issue.[1]

---

[1] As in the *Anders* brief in the court of appeals, the father's counsel maintains in this Court that the appeal presents no meritorious issues and is frivolous.

Here, there are no specific findings under (D) or (E) to implicate the due process problem under (M) that we discussed in *In re N.G. See N.G.*, 577 S.W.3d at 237. The trial court submitted a broad-form jury charge, instructing the jury to decide if clear and convincing evidence supports termination of the father's parental rights under Texas Family Code section 161.001(b)(1)(D), (E), or (O). Because it had not been asked to make separate findings as to each of the three grounds, the jury simply found that clear and convincing evidence supported termination under at least one of the three grounds listed in the broad-form jury charge.[2] The jury's verdict and the trial court's termination order therefore fail to specify—and prevent a later court from knowing—whether the father's parental rights were terminated under section 161.001(b)(1)(D) or (E).

As we explained in *In re N.G.*, the fact that a (D) or (E) finding "provides a sufficient basis to terminate parental rights" as to another child under section 161.001(b)(1)(M) requires that an appellate court detail its analysis of the evidence supporting termination on those grounds when challenged on appeal. *Id.*; *see* TEX. FAM. CODE § 161.001(b)(1)(M). But parental rights can be terminated under (M) only if there is a finding that the "parent's conduct was in violation of Paragraph (D) or (E)" as to another child. TEX. FAM. CODE § 161.001(b)(1)(M). Because the broad-form submission makes it impossible to discern which ground or grounds—(D), (E), or (O)—supported the termination of parental rights, the findings here could not be the basis for termination of the father's parental rights to another child under (M). *See id.* Thus, the findings in this case do not raise the same due process concerns under (M) that were present in *In re N.G. See N.G.*, 577 S.W.3d at 234.

_____

[2] The father did not contest the broad-form jury submission in the trial court or on appeal.

In another case with specific findings as to (D) or (E) grounds, the Court will need to address how *In re N.G.* applies to *Anders* appeals, especially those in which a pro se response challenges those specific findings.  As to this case, I concur in the denial of the petition for review.


_____
Paul W. Green
Justice

OPINION DELIVERED: January 31, 2020